Dolan, J.
This is an appeal pursuant to G.Lc. 90C concerning a civil motor vehicle infraction. Defendant was found responsible by the judge for failing to stop at a stop sign and appealed to this division.
Defendant alleges that fault, if any, was caused by defective brakes. There was conflicting evidence concerning the condition of the brakes on defendant’s vehicle. Where there is a conflict in the evidence, it is the duty of the trial judge to resolve the conflicts in arriving at a decision. An appellate division reviews questions of law and cannotreview the trial judge’s findings of fact. N. B. Lumber Corp. v. Boisvert, 51 Mass. App. Div. 186, 192 (1973). City of Brockton v. Grober, 1990 Mass. App. Div. 46. We have reviewed the record and have concluded that there was sufficient evidence presented at the hearing that, if believed, would have substantiated a finding of responsible.
Defendant also alleges that certain statements made by him and introduced into evidence by apolice officerwere made by himwithouthis ever receiving the so-called “Miranda warnings”. Miranda warnings are required when a person has been taken into custody or deprived of his freedom of action in a significant way. Miranda v. Arizona, 384 U.S. 436, 444 (1966). In this case, there was no custodial interrogation. We need not decide if the absence of Miranda warnings in a custodial situation would have required the suppression of defendants statements when some or all of the charges against the defendant are civil in nature, not criminal. Other issues attempted to be raised by the defendant are being raised for the first time on appeal. That is not permitted. Lincoln v. Hillside Park ‘N Shop, Inc., 370 Mass. 209, 216 (1976).
There being no error of law, the adjudication is affirmed. The payment of all assessments is suspended for thirty (30) days from the date the clerk gives notice of this opinion to the parties.